## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### January 14, 1921.

## THE PEOPLE v. HARRY GORDON.

### (194 App. Div. 666.)

(1) RECEIVING STOLEN PROPERTY KNOWING SAME TO HAVE BEEN STOLEN— CONVICTION CANNOT BE SUSTAINED ON CONFESSION OF DEFENDANT ALONE.*

A defendant cannot be convicted of the crime of receiving stolen property, knowing the same to have been stolen, on the testimony of a person to whom he offered to sell the stolen property that the defendant stated to him that the property offered for sale had been stolen, for the defendant cannot be convicted upon his confession alone without additional proof that the crime charged has been committed.

(2) FACT THAT GOODS WERE OFFERED FOR SALE BY DEFENDANT WITHIN THREE DAYS AFTER DELIVERY TO EXPRESS COMPANY IN NEW YORK CITY FOR SHIPMENT TO WASHINGTON, D. C., NOT SUFFICIENT CORROBORATION.

The fact that the goods were offered for sale by the defendant within three days after the manufacturer had delivered them to the express company in New York city for shipment to Washington, D. C., is not sufficient corroboration of the testimony of defendant's confession, on the theory that the goods could not have been sent to Washington and returned within the time stated, and that they must, therefore, have been stolen.

APPEAL by the defendant, Harry Gordon, from a judgment of the Court of General Sessions of the Peace, in and for the county of New York, rendered on the 9th day of June, 1919, convicting him of the crime of receiving stolen property, knowing the same to have been stolen, in violation of section 1308 of the Penal Law.

*George Z. Medalie* of counsel (*Wasservogel & Medalie,* attorneys), for the appellant.

*Felix C. Benvenga* of counsel (*Edward Swann, District Attorney*), for the respondent.

---

* See notes, Vols. 12, 48; 24, 49.

SMITH, J.:

The charge against the defendant was that he received property of the aggregate value of ninety-two dollars and twenty-five cents, consisting of twelve children's coats, which had been stolen. The judgment is challenged by the defendant on the ground that there is no sufficient proof that the property which is claimed to have been found in his possession was stolen property.

Upon November 21, 1918, one Louis Rosenheim, a manufacturer of children's coats, prepared for shipment a package containing twelve children's coats. That package was addressed to A. Lissner, Washington, D. C., and was delivered to the driver of the American Railway Express Company. The evidence of one Lobel is to the effect that the defendant offered to sell him these coats, together with some ladies' coats, upon the twenty-fourth day of November, three days after the coats were sent to the express office at New York city for shipment. Lobel swears that the defendant showed him one of these coats upon the twenty-fourth and that he received nine of said coats on the twenty-fifth, together with other merchandise that had been sold to him by the defendant, which are claimed also to have been stolen property. This indictment, however, simply charges the defendant with having received these children's coats with knowledge of the fact that they had been stolen. The defendant denies having shown one of these children's coats to Lobel, and denies having had possession of them. He made a confession to the police officers, but that confession simply referred to ladies' coats, which were included in the purchase by Lobel, and he at all times denied to the police officers that he had anything to do with these children's coats. Lobel swears, however, that the defendant stated to him when he offered to sell these children's coats that they were stolen property. This is the only evidence of the primary fact to be established, that these coats were in fact stolen property. The expressman swears that he received

this package directed to Lissner and swears that he delivered to the express company all the packages that he received on his rounds. There is no proof in the case that Lissner did not in fact receive these coats. The trial court held that Lobel was an accomplice and that his evidence must be corroborated. That question is immaterial here, because the only evidence is his testimony of the defendant's confession that the goods were stolen and the defendant cannot be convicted upon his confession without additional proof that the crime charged has been committed. (Code Crim. Proc. § 395.) The learned district attorney admits that this evidence of Lobel must be corroborated, but claims that the corroboration is to be found in the short space of time between the twenty-first and the twenty-fourth, as showing that the goods could not have been sent to Washington and returned to New York city, and that they must, therefore, have been stolen.

We are unable to find any warrant to hold these facts as sufficient corroboration as is required, either of the testimony of an accomplice or of the testimony of a confession. While it is possible and perhaps probable that the goods were stolen, nevertheless the fact that they were stolen must be proven by better evidence before a party can properly be held criminally liable for receiving such goods, knowing them to have been stolen.

For want of proof, therefore, that these goods had been stolen, the conviction of the defendant was unwarranted and must be reversed, and a new trial ordered pursuant to law.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment reversed and a new trial ordered. Settle order on notice.